*This opinion is subject to revision before final*
*publication in the Pacific Reporter*

**2015 UT 44**

IN THE

## SUPREME COURT OF THE STATE OF UTAH

STATE OF UTAH,
*Appellee,*

*v.*

D. CHRIS ROBERTSON,
*Appellant.*

No. 20140268
Filed June 9, 2015

Third District, West Jordan
The Honorable Terry L. Christiansen
No. 111401510

Attorneys:

Sean D. Reyes, Att'y Gen., Jeffrey S. Gray, Asst. Att'y Gen.,
Salt Lake City, for appellee

Elizabeth Hunt, Salt Lake City, for appellant

PER CURIAM:

¶ 1 In the proceedings below, the defendant, D. Chris Robertson, was charged with multiple counts of sexual exploitation of a minor. He claimed the prosecution violated Utah Code section 76-1-404 and his constitutional rights of freedom from double jeopardy. The district court denied Mr. Robertson's motion to dismiss. He was convicted on all counts and was sentenced to concurrent one-to-fifteen-year terms in prison.

¶ 2 Mr. Robertson appealed. He filed with the district court a motion to stay the sentence and an application for a certificate of probable cause. That court denied the motion and application by issuing a preprinted order that listed the various grounds for rejecting a request for release from incarceration pending appeal. It checked only the box indicating that the appeal was unlikely to result in reversal.

Opinion of the Court

¶ 3 Mr. Robertson did not raise any appellate challenge (by motion or otherwise) to the district court's denial of his request for a stay and a certificate of probable cause. The court of appeals subsequently affirmed. Mr. Robertson petitioned for a writ of certiorari, which this court granted. Briefing and argument on the merits of the petition are pending. Mr. Robertson has now filed directly with this court a motion for a stay of his sentence and an application for a certificate of probable cause.

¶ 4 Utah Rule of Criminal Procedure 27 permits a district court to stay a sentence and issue a certificate of probable cause when a criminal conviction is appealed. The grounds for relief are a determination by clear and convincing evidence that "the defendant is not likely to flee," UTAH R. CRIM P. 27(b)(1)(B)(i), "does not pose a danger to the safety of any other person or the community," *id.* 27(b)(1)(B)(ii), and that the issues raised on appeal present "a substantial question of law or fact reasonably likely to result in reversal, an order for a new trial or a sentence that does not include a term of incarceration in jail or prison," *id.* 27(b)(2)(A). Under subpart (b)(6) "[a] party dissatisfied with the relief granted or denied [by the trial court] may petition the court in which *the appeal* is pending for relief." *Id.* 27(b)(6) (emphasis added). Thus, the potential relief afforded by subpart (b)(6) consists of an appellate review of the trial court's denial of the original motion for a stay and application for certificate of probable cause, and the request for that review must be filed in conjunction with a direct appeal. Mr. Robertson did not avail himself of the provisions of subpart (b)(6) on appeal, and that appeal has been completed. This court has exercised its discretion to grant the petition for a writ of certiorari, but the case now pending before us is not an appeal during which the trial court's denial of a stay and application for certificate of probable cause may be challenged in the first instance under subpart (b)(6). Accordingly, the motion and application are denied.

———